# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

**MARYLAND SHALL ISSUE, INC.**
**9613 Harford Rd., Ste C #1015**
**Baltimore, Maryland 21234-2150,**

**FIELD TRADERS, LLC**
**2400 Mountain Rd**
**Pasadena, MD 21122,**

**CINDY'S HOT SHOTS, INC.**                    **Case No.:**  1:22-cv-865
**Unit C**
**115 Holsum Way**
**Glen Burnie MD 21060,**

**PASADENA ARMS, LLC**
**2441A Mountain Rd**
**Pasadena, MD 21122,**

**WORTH-A-SHOT, INC.**
**8424 Veterans Hwy #10-12**
**Millersville, MD 21108,**

  *Plaintiffs,*

       **v.**

**ANNE ARUNDEL COUNTY,**
 **MARYLAND**
**44 Calvert Street**
**Annapolis, MD 21401,**

       *Defendant.*

<u>**SERVE**</u>**:**
**Gregory J. Swain, Esq.**
**County Attorney**
**2660 Riva Road**
**Annapolis, MD 21401**

  *Service Agent for Defendant.*

---

# COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF,
# FOR COMPENSATORY DAMAGES AND FOR OTHER RELIEF

COME NOW, the Plaintiffs, through counsel, sue the Defendant, and for cause state as follows:

## INTRODUCTION

1.      On January 10, 2022, the Defendant, Anne Arundel County, Maryland ("the County") signed into law Bill 108-21 ("the Bill"), a copy of which is attached to this complaint as Exhibit A and is incorporated herein in its entirety by reference. Bill 108-21 became effective on April 10, 2022. Through the enactment of County Bill 108-21, the County undertakes to prepare or sponsor literature concerning gun safety, gun training, suicide prevention, mental health and conflict resolution. As distributed to dealers by a County representative on or about April 8, 2022, that literature takes the form of two pieces of literature. The first is a pamphlet entitled "Firearms and Suicide Prevention" published jointly by the National Shooting Sports Foundation ("NSSF") and the American Foundation for Suicide Prevention. A copy of that pamphlet, as downloaded from the NSSF website at https://bit.ly/3rgLt6r, is attached as Exhibit B and is incorporated herein in its entirety by reference. The text and layout of this downloaded copy is identical to the printed copy distributed by the County.

2.      The second piece of literature distributed by the County on or about April 8, 2022, is single page measuring 6" by 6," setting forth information concerning County "resources" for "conflict resolution." A copy of that piece of literature is attached as Exhibit C and is incorporated herein in its entirety by reference. The County has distributed both pieces of this literature to Anne Arundel County dealers. Bill 108-21 requires that licensed firearms dealers in the County make this literature "visible and available" at the business establishments of licensed firearms dealers and to "distribute the literature" to "all purchasers of guns or ammunition" at such locations. Other than Maryland Shall Issue, Inc., each plaintiff to this action is a licensed firearms dealer subject to Bill 108-21, and each plaintiff objects to being commandeered as a distributor for the County's literature. Bill 108-21

- 1 -

constitutes "compelled speech" in violation of the plaintiff dealers' First Amendment rights. Bill 108-21 also violates the First Amendment rights of persons who visit or do business with a dealer in Anne Arundel County by effectively chilling the speech of customers who may disagree with the County's preferred message.

## JURISDICTION AND VENUE

3.      This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Venue is properly in this Court under 28 U.S.C. 1391(b), as the defendant resides, carries on a regular business and maintains its principal offices in Anne Arundel County, Maryland, in this District, and a substantial part of the events or omissions giving rise to this suit occurred in this District.

5.      Plaintiffs' claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202, by 42 U.S.C. § 1983, and by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiffs' claims for damages and equitable relief are authorized by 42 U.S.C. § 1983.

## ANNE ARUNDEL COUNTY BILL 108-21

6.      Bill 108-21 amends the Anne Arundel County Code, Article 12, Title 6, Section 12-6-108, to provide in subsection (A) through (C):

(A) **Duties of Health Department**. THE ANNE ARUNDEL COUNTY HEALTH DEPARTMENT SHALL PREPARE LITERATURE RELATING TO GUN SAFETY, GUN TRAINING, SUICIDE PREVENTION, MENTAL HEALTH, AND CONFLICT RESOLUTION AND DISTRIBUTE THE LITERATURE TO ALL ESTABLISHMENTS THAT SELL GUNS OR AMMUNITION

(B) **Requirements.** ESTABLISHMENTS THAT SELL GUNS OR AMMUNITION SHALL MAKE THE LITERATURE DISTRIBUTED BY THE HEALTH DEPARTMENT VISIBLE AND AVAILABLE AT THE POINT OF SALE. THESE ESTABLISHMENTS SHALL ALSO DISTRIBUTE THE LITERATURE TO ALL PURCHASERS OF GUNS OR AMMUNITION.

C) **Enforcement.** AN AUTHORIZED REPRESENTATIVE OF THE ANNE ARUNDEL COUNTY HEALTH DEPARTMENT MAY ISSUE A CITATION TO AN OWNER OF AN ESTABLISHMENT THAT SELLS GUNS OR AMMUNITION FOR A VIOLATION OF SUBSECTION 8 (B).

7.      Bill 108-21 amends the Anne Arundel County Code, Article 12, Title 6, Section 12-6-108(D), to impose a penalty for any violation of Bill 108-21, stating:

(D) **Violations.** A VIOLATION OF THIS SECTION IS A CLASS C CIVIL OFFENSE PURSUANT TO § 9-2-101 OF THIS CODE.

A Class C civil offense under Section 9-2-101 of the County Code is punishable by a fine of "$500 for the first violation and $1,000 for the second or any subsequent violation."

## PARTIES

**Plaintiffs:**

8.      Plaintiff Maryland Shall Issue, Inc. ("MSI") is a Maryland corporation, located at 9613 Harford Rd., Ste C #1015, Baltimore, MD 21234-2150. MSI is an Internal Revenue Service certified, Section 501(c)(4), non-profit, non-partisan membership organization with approximately 2000 members statewide. MSI is dedicated to the preservation and advancement of gun owners' rights in Maryland. It seeks to educate the community about the right of self-protection, the safe handling of firearms, and the responsibility that goes with carrying a firearm in public. The purposes of MSI

- 3 -

include promoting the exercise of the Second Amendment right to purchase arms. MSI engages in education, research, and legal action focusing on the constitutional right to privately own, possess and carry firearms. MSI has members who live in Anne Arundel County and purchase firearms and/or ammunition from firearms dealers in Anne Arundel County. Each of the other plaintiffs in this matter is a corporate member of MSI.

9.      MSI brings this suit on behalf of its members who are firearms dealers in Anne Arundel County, and who are required to display and distribute County literature by Bill 108-21, and who are thus directly regulated by Bill 108-21. MSI also brings this suit in its representational capacity on behalf of its individual members who visit or do business with Anne Arundel County dealers and sellers of ammunition and who are thus subject to the forced receipt or display of literature required by Bill 108-21. MSI has one or more individual members who live in Anne Arundel County and/or have purchased or intend to purchase firearms and/or ammunition from dealers in Anne Arundel County. MSI has standing to sue on behalf of its members under *Hunt v. Washington State Apple Advert. Com'n,* 432 U.S. 333, 342 (1977). Each of MSI's members who do business at Anne Arundel County firearms dealers are injured by the forced display and receipt of County literature when they exercise their Second Amendment right to purchase firearms or ammunition from Anne Arundel County dealers. The interests that MSI seeks to protect are germane to MSI's purpose and neither the claims asserted herein nor the relief requested require the participation of MSI's individual members.

10.     Plaintiff FIELD TRADERS, LLC ("FIELD TRADERS") is a Maryland corporation located on private property within Anne Arundel County, Maryland, at 2400 Mountain Rd, Pasadena, MD 21122. Pursuant to 18 U.S.C. § 923, FIELD TRADERS is a Federally licensed firearms dealer at its current location. See 27 C.F.R. § 478.41 *et seq*. Pursuant to MD Code, Public Safety, § 5-106, FIELD TRADERS is also a Maryland State licensed firearms dealer and is thus authorized by State

law to engage "in the business of selling, renting or transferring regulated firearms." As part of its business, FIELD TRADERS regularly sells firearms, including regulated firearms, as well as ammunition for firearms. FIELD TRADERS objects to Bill 108-21 because the Bill commandeers plaintiff FIELD TRADERS to act as a mouthpiece and conduit for County communications mandated by Bill 108-21. Bill 108-21 requires plaintiff FIELD TRADERS to involuntarily display and distribute County literature with which plaintiff disagrees. Plaintiff FIELD TRADERS does not wish to be a party to these communications or to be seen by its customers and potential customers as endorsing implicitly or otherwise the County's messages and opinions set out in the literature which FIELD TRADERS is required to display and distribute by Bill 108-21. Plaintiff FIELD TRADERS is a corporate member of MSI.

11.     CINDY'S HOT SHOTS, INC., ("CINDY'S HOT SHOTS") is a Maryland corporation located on private property within Anne Arundel County, Maryland, at 115 Holsum Way, Unit C, Glen Burnie, MD 21060. Pursuant to 18 U.S.C. § 923, CINDY'S HOT SHOTS is a Federally licensed firearms dealer at its current location. See 27 C.F.R. § 478.41 et seq. Pursuant to MD Code, Public Safety, § 5-106, CINDY'S HOT SHOTS is also a Maryland State licensed firearms dealer and is thus authorized by State law to engage "in the business of selling, renting or transferring regulated firearms." As part of its business, CINDY'S HOT SHOTS regularly sells firearms, including regulated firearms, as well as ammunition for firearms. Plaintiff CINDY'S HOT SHOTS objects to Bill 108-21 because the Bill commandeers it to act as a mouthpiece and conduit for County communications mandated by Bill 108-21. Bill 108-21 requires plaintiff CINDY'S HOT SHOTS to involuntarily display and distribute County literature with which plaintiff disagrees. Plaintiff CINDY'S HOT SHOTS does not wish to be a party to these communications or to be seen by its customers and potential customers as endorsing implicitly or otherwise the County's messages set out

- 5 -

in the literature which Bill 108-21 requires it to display and distribute. Plaintiff CINDY'S HOT SHOTS is a corporate member of MSI.

12.      PASADENA ARMS, LLC, ("PASADENA ARMS") is a Maryland corporation located on private property within Anne Arundel County, Maryland, at 2441A Mountain Rd., Pasadena, MD 21122. Pursuant to 18 U.S.C. § 923, PASADENA ARMS is Federally licensed dealer at its current location. See 27 C.F.R. § 478.41 et seq. Pursuant to MD Code, Public Safety, § 5-106, PASADENA ARMS is also a Maryland State licensed firearms dealer and is thus authorized by State law to engage "in the business of selling, renting or transferring regulated firearms." As part of its business, PASADENA ARMS regularly sells firearms, including regulated firearms, as well as ammunition for firearms. PASADENA ARMS objects to Bill 108-21 because the Bill commandeers it to act as a mouthpiece and conduit for County communications mandated by Bill 108-21. Bill 108-21 requires plaintiff PASADENA ARMS to involuntarily display and distribute County literature with which plaintiff disagrees. Plaintiff PASADENA ARMS does not wish to be a party to these communications or to be seen by its customers and potential customers as endorsing implicitly or otherwise the County's messages set out in the literature which Bill 108-21 requires it to display and distribute. Plaintiff PASADENA ARMS is a corporate member of MSI.

13.      WORTH-A-SHOT, INC. ("WORTH-A-SHOT") is a Maryland Corporation located on private property within Anne Arundel County, Maryland, at 8424 Veterans Hwy #10-12, Millersville, MD 21108. Pursuant to 18 U.S.C. § 923, WORTH-A-SHOT is a Federally licensed dealer at its current location. See 27 C.F.R. § 478.41 et seq. Pursuant to MD Code, Public Safety, § 5-106, WORTH-A-SHOT is also a Maryland State licensed firearms dealer and is thus authorized by State law to engage "in the business of selling, renting or transferring regulated firearms." As part of its business, WORTH-A-SHOT regularly sells firearms, including regulated firearms, as well as

ammunition for firearms. WORTH-A-SHOT objects to Bill 108-21 because the Bill commandeers it to act as a mouthpiece and conduit for County communications mandated by Bill 108-21. Bill 108-21 requires plaintiff WORTH-A-SHOT to involuntarily display and distribute County literature with which plaintiff disagrees. Plaintiff WORTH-A-SHOT does not wish to be a party to these communications or to be seen by its customers and potential customers as endorsing implicitly or otherwise the County's messages set out in the literature which Bill 108-21 requires it to display and distribute at its business location. Plaintiff WORTH-A-SHOT is a corporate member of MSI.

14.     Plaintiffs FIELD TRADERS, CINDY'S HOT SHOTS, PASADENA ARMS, and WORTH-A-SHOT (hereinafter "plaintiff dealers"), are each directly regulated by Bill 108-21, and thus each has Article III standing to sue on its own behalf. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("Where "the plaintiff is himself an object of the action ... there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it."). Each plaintiff dealer also has standing to sue on behalf of its customers and "other similarly situated persons" for injuries inflicted by Bill 108-21. *Maryland Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 216 (4th Cir. 2020). If one plaintiff has standing, it is unnecessary to determine the standing of other plaintiffs. (Id., 971 F.3d at 214 & n.5). *Bowsher v. Synar*, 478 U.S. 714, 721 (1986) (same).

**Defendant:**

15.     The Defendant is Anne Arundel County, Maryland. Anne Arundel County ("the County") is a chartered home rule county within the meaning of Article XI-A of the Maryland Constitution. Bill 108-21, challenged herein, is a County ordinance and thus an official policy of the County. The County may be named and sued *eo nomine* under 42 U.S.C. § 1983. *Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978); *Starbuck v. Williamsburg James City County School Board*, 28 F.4th 529, 533-34 (4th Cir. 2022); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

**BILL 108-21 VIOLATES THE FIRST AMENDMENT RIGHTS OF PLAINTIFFS**

16.     The Plaintiffs reallege and incorporate herein by reference all the foregoing allegations of this complaint.

17.     The Supreme Court's "leading First Amendment precedents have established the principle that freedom of speech prohibits the government from telling people what they must say." *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 61 (2006). "[N]o official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *West Virginia Bd. of Ed. v. Barnette,* 319 U.S. 624, 642 (1943). Any state action "which forces an individual ... to be an instrument for fostering public adherence to an ideological point of view" is unacceptable under the First Amendment. *Wooley v. Maynard*, 430 U.S. 705, 717 (1977).

18.     Persons have a First Amendment "right not to utter political and philosophical beliefs that the state wishes to have said." *Greater Baltimore Center for Pregnancy Concerns, Inc. v. Mayor and City Council Of Baltimore,* 879 F.3d 101, 111 (4th Cir.), *cert. denied,* 138 S.Ct. 2710 (2018). There is a First Amendment right "not to speak" because "the right to refrain from speaking is concerned with preventing the government from "[c]ompelling individuals to mouth support for views they find objectionable.'" *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 222 (4th Cir. 2019) (quoting *Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council*, 138 S.Ct. 2448, 2463 (2018). Under the First Amendment, the government may not command a person to serve as a "conduit" for government speech, and may not be "'forced either to appear to agree with [the intruding leaflet] or to respond.'" *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557,

575 (1995) (quoting *Pacific Gas & Electric Co. v. Public Utilities Comm'n,,* 475 U.S. 1, 15 (1986) (plurality opinion) (brackets the Court's).

19.     Bill 108-21 compels a dealer to display and distribute County-sponsored literature directed at "gun safety, gun training, suicide prevention, mental health, and conflict resolution." This literature and requirement is "content-based" because "[b]y compelling individuals to speak a particular message, such notices "alte[r] the content of [their] speech." *National Institute of Family and Life Advocates v. Becerra,* 138 S.Ct. 2361, 2371 (2018) ("*NIFLA*") (quoting *Riley v. National Federation of Blind of N. C., Inc.*, 487 U.S. 781, 795 (1988). "The Supreme Court has emphasized that there is no constitutional difference between 'compelled statements of opinion' and 'compelled statements of fact' because 'either form of compulsion burdens protected speech.'" *Washington Post v. McManus*, 944 F.3d 506, 518 (4th Cir. 2019) (quoting *Riley*, 487 U.S. 797-98).

20.     Bill 108-21 does not purport to regulate commercial speech of the plaintiff dealers because the County's literature "is not limited to 'purely factual and uncontroversial information about the terms under which ... services will be available.'" *NIFLA*, 138 S.Ct. at 2372 (quoting and distinguishing *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 651 (1985)). Opinions vary widely concerning "gun safety, gun training, suicide prevention, mental health, and conflict resolution." Nothing in the County's literature concerns or purports to regulate any conduct of the dealers. *NIFLA,* 138 S.Ct. at 2372. The display and distribution requirements of Bill 108-21 have no purpose other than to commandeer dealers and other sellers of ammunition into acting as conduits for the opinions and messages adopted by the County.

21.     **Plaintiff Dealers:** Bill 108-21 violates the First Amendment's prohibition on compelled speech by compelling the plaintiff dealers to display and distribute the County literature and thus act as involuntary conduits for the County's message "relating to gun safety, gun training,

suicide prevention, mental health, and conflict resolution." Bill 108-21 also violates plaintiff dealers' First Amendment right "not to speak" on such subjects, as the plaintiff dealers are compelled by Bill 108-21 to display and distribute the County's literature. By compelling the plaintiff dealers to display and distribute the County's literature, Bill 108-21 violates the First Amendment by forcing the plaintiff dealers either to appear to agree with the County's literature or respond to the County's literature by affirmatively speaking where the plaintiff dealers might well prefer to remain silent.

22.     **Customers of Dealers:** Bill 108-21 also violates the First Amendment rights of customers of dealers, including MSI members, because customers are chilled in the exercise of their own First Amendment rights by the forced distribution of the County's literature to such customers. Specifically, recipients of such official communications from the County will objectively be less willing to articulate their own views "relating to gun safety, gun training, suicide prevention, mental health, and conflict resolution," especially where, as here, the dealer is the distributor and thus may be reasonably understood to endorse the views of the literature that Bill 108-21 compels the dealer to distribute and display. This chilling effect is sufficient injury to confer standing on customers, including MSI members, who purchase or who intend to purchase, firearms or ammunition from Anne Arundel County dealers. *Secretary of State of Md. v. Joseph H. Munson Co., Inc.* 467 U.S. 947, 956-57 (1984) ("'Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.") (quoting *Broadrick v. Oklahoma,* 413 U.S. 601, 612 (1973)).

23.     "[I]in First Amendment cases we have relaxed our rules of standing without regard to the relationship between the litigant and those whose rights he seeks to assert precisely because application of those rules would have an intolerable, inhibitory effect on freedom of speech."

*Thornhill v. Alabama*, 310 U.S. 88, 97-98 (1940) (quoted in *Munson*, 467 U.S. at 957 n.7). *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013) ("The Supreme Court of the United States has explained that standing requirements are somewhat relaxed in First Amendment cases."); *Benham v. City of Charlotte*, 635 F.3d 129, 135 (4th Cir. 2011) (noting that a "cognizable injury under the First Amendment is self-censorship, which occurs when a claimant is chilled from exercising her right to free expression") (internal quotation marks omitted). Customers and persons intending to purchase firearms and/or ammunition in the County, including MSI members, have standing under these principles.

24.     Bill 108-21 went into effect on April 10, 2022, and there is no indication that the County will not fully enforce its provisions. The plaintiff dealers have received the County's literature and are expected to comply with Bill 108-21. With each passing day, the plaintiffs suffer irreparable harm to their rights because of Bill 108-21. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted). See also *Davidson v. Randall*, 912 F.3d 666, 678 (4th Cir. 2019).

25.     Pursuant to 42 U.S.C. § 1983, plaintiffs are entitled to injunctive and declaratory relief and compensatory damages, including nominal damages, for the foregoing violations of their rights. *Uzuegbunam v. Preczewski,* 141 S.Ct. 792 (2021).

26.     Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request:

A. That this Court issue a declaratory judgment that Bill 108-21 violates the First Amendment because it compels the speech of plaintiff dealers and may chill the speech of the customers of dealers, including MSI members, as more fully set forth above;

B. That this Court find that plaintiffs are threatened with imminent and irreparable harm by Bill 108-21, and enter a preliminary and permanent injunction barring the County from enforcing Bill 108-21 against the plaintiff dealers and members of MSI;

C. That this Court award plaintiffs compensatory damages for the County's violations of the plaintiffs' constitutional rights, including without limitation, nominal damages, as authorized by 42 U.S.C. § 1983;

D. That this Court award to plaintiffs their attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

E. That this Court award the plaintiffs such other and further relief as in law and justice they may be entitled to receive.

Respectfully submitted,

MARK W. PENNAK
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
MD Atty No. 1905150005
District Court Bar No. 21033

- 12 -

EDWARD N. HERSHON
HERSHON LEGAL, LLC
420-I Chinquapin Round Rd.
Annapolis, MD 21401
ed@hershonlegal.com
Phone: (443) 951-3093
MD Atty No. 9306230157
District Court Bar No. 22606

*Counsel for Plaintiffs*

- 13 -

**FINAL**

COUNTY COUNCIL OF ANNE ARUNDEL COUNTY, MARYLAND

Legislative Session 2021, Legislative Day No. 23

Bill No. 108-21

Introduced by Ms. Rodvien

By the County Council, December 6, 2021

---

Introduced and first read on December 6, 2021
Public Hearing set for and held on January 3, 2022
Bill Expires on March 11, 2022

By Order: Laura Corby, Administrative Officer

---

## A BILL ENTITLED

1  AN ORDINANCE concerning: Public Safety – Distribution of Literature to Purchasers of
2    Guns or Ammunition
3
4  FOR the purpose of requiring the Health Department to prepare and distribute certain
5    literature to establishments that sell guns or ammunition; adding certain display and
6    distribution requirements for sellers; authorizing enforcement by the Health
7    Department; making a violation a Class C civil offense; providing for an abnormal
8    effective date; and generally relating to public safety.
9
10 BY adding: § 12-6-108
11   Anne Arundel County Code (2005, as amended)
12
13   SECTION 1. *Be it enacted by the County Council of Anne Arundel County, Maryland,*
14 That Section(s) of the Anne Arundel County Code (2005, as amended) read as follows:
15
16           **ARTICLE 12. PUBLIC SAFETY**
17
18           **TITLE 6. MISCELLANEOUS PROVISIONS**
19
20 **12-6-108. Distribution of literature to purchasers of guns or ammunition.**
21
22   (A) **Duties of Health Department.** THE ANNE ARUNDEL COUNTY HEALTH
23 DEPARTMENT SHALL PREPARE LITERATURE RELATING TO GUN SAFETY, GUN TRAINING,
24 SUICIDE PREVENTION, MENTAL HEALTH, AND CONFLICT RESOLUTION AND DISTRIBUTE
25 THE LITERATURE TO ALL ESTABLISHMENTS THAT SELL GUNS OR AMMUNITION.

---

EXPLANATION:     CAPITALS indicate new matter added to existing law.
                 **[[Brackets]]** indicate matter repealed from existing law.
                 Captions and taglines in **bold** in this bill are catchwords and are not law.

**EXHIBIT A**

Bill No. 108-21
Page No. 2

1    (B) **Requirements.** ESTABLISHMENTS THAT SELL GUNS OR AMMUNITION SHALL MAKE
2    THE LITERATURE DISTRIBUTED BY THE HEALTH DEPARTMENT VISIBLE AND AVAILABLE
3    AT THE POINT OF SALE. THESE ESTABLISHMENTS SHALL ALSO DISTRIBUTE THE
4    LITERATURE TO ALL PURCHASERS OF GUNS OR AMMUNITION.
5
6    (C) **Enforcement.** AN AUTHORIZED REPRESENTATIVE OF THE ANNE ARUNDEL
7    COUNTY HEALTH DEPARTMENT MAY ISSUE A CITATION TO AN OWNER OF AN
8    ESTABLISHMENT THAT SELLS GUNS OR AMMUNITION FOR A VIOLATION OF SUBSECTION
9    (B).
10
11   (D) **Violations.** A VIOLATION OF THIS SECTION IS A CLASS C CIVIL OFFENSE PURSUANT
12   TO § 9-2-101 OF THIS CODE.
13
14   SECTION 2. *And be it further enacted*, That this Ordinance shall take effect 90 days
15   from the date it becomes law.

READ AND PASSED this 3rd day of January, 2022

By Order:

Laura Corby
Administrative Officer

PRESENTED to the County Executive for his approval this 4th day of January, 2022

Laura Corby
Administrative Officer

APPROVED AND ENACTED this 10th day of January, 2022

Steuart Pittman
County Executive

EFFECTIVE DATE:  April 10, 2022

# FIREARMS AND
## SUICIDE PREVENTION





American
**Foundation**
*for* **Suicide**
**Prevention**

EXHIBIT B

# WHAT LEADS
# **TO SUICIDE?**

There's no single cause. Suicide most often occurs when several stressors and health issues converge to create an experience of hopelessness and despair. Depression is the most common health condition associated with suicide, and is often undiagnosed or untreated. Most people who actively manage their mental health conditions lead fulfilling lives. Conditions like depression, anxiety and substance use problems, especially when unaddressed, increase risk for suicide.



# Some People are More at Risk for Suicide than Others

 **+**  **+** 

### HEALTH FACTORS

**Mental health conditions**

- Depression
- Substance use problems
- Bipolar disorder
- Schizophrenia and psychosis
- Personality traits of aggression, mood changes and poor relationships
- Conduct disorder
- Anxiety disorders (PTSD)

**Serious or chronic health conditions and/or pain**

**Traumatic brain injury**

### ENVIRONMENTAL FACTORS

**Stressful life events,** like rejection, divorce, financial crisis, or other life transition or loss

**Prolonged stress,** such as harassment, bullying, relationship problems or unemployment

**Exposure to another person's suicide,** or to graphic or sensationalized accounts of suicide

**Access to lethal means** including firearms and drugs

### HISTORICAL FACTORS

**Previous suicide attempts**

**Family history of suicide**

**Childhood abuse, neglect or trauma**

Risk factors are characteristics or conditions that increase the chance that a person may try to take their life.

# Take Suicide Warning Signs Seriously



## TALK

**If a person talks about:**

- Killing themselves
- Feeling hopeless
- Having no reason to live
- Being a burden to others
- Feeling trapped
- Unbearable pain

Most people who take their lives exhibit one or more warning signs, either through what they say or what they do.



## BEHAVIOR

**Behaviors that may signal risk, especially if during a time of transition, stress or loss:**

- Increased use of alcohol or drugs
- Looking for a way to end their lives, such as searching online for materials or means
- Withdrawing from activities
- Isolating from family and friends
- Sleeping too little or too much
- Visiting or calling people to say goodbye
- Giving away prized possessions
- Aggression
- Fatigue



## MOOD

**People who are considering suicide often display one or more of the following moods:**

- Depression
- Anxiety
- Loss of interest
- Irritability
- Humiliation
- Agitation/Anger
- Relief/Sudden Improvement

# Reaching Out Can Help Save a Life

**SUICIDE IS A LEADING CAUSE OF DEATH, AND IT'S PREVENTABLE**
By keeping secure firearm storage in mind, you can help reduce the number of suicides involving firearms.

**LEARN THE RISK FACTORS AND WARNING SIGNS OF SUICIDE**
If you are worried about a friend or family member, trust your gut and don't wait for them to reach out.

**LET THEM KNOW YOU CARE**
Ask them directly about suicide and encourage them to seek help. Talking about suicidal thoughts and showing concern will not put someone at greater risk.

**IF YOU ARE CONCERNED ABOUT A LOVED ONE**
Always store firearms securely and consider temporary off-site storage for firearms when not in use.

**IF YOU'RE GOING THROUGH A DIFFICULT TIME**
If lawful where you live, consider giving the firearms and gun lock keys to a trusted family member or friend.

## DID YOU KNOW?

Firearms are used in 50% of all suicides in the United States.



# Firearms Storage For Your Lifestyle

**As a gun owner, you can choose from multiple options for safely storing and protecting your firearms when they're not in use.**

### CABLE LOCK

#### Starting at $10

Requiring either a key or combination to unlock, an inexpensive cable lock runs through the barrel or action of most firearms to prevent it from being loaded and fired.

### GUN CASE

#### Starting at $20

A gun case is an affordable storage solution for those looking to secure, conceal, protect or legally transport a firearm. Be sure to lock the case with an external device for added security.

### LOCK BOX

#### Starting at $25

With an integrated lock, storage boxes provide reliable protection for firearms. Electronic boxes can be accessed only by using a special code or biometrics.

### FULL SIZE GUN SAFE

#### Starting at $200

A gun safe allows you to safely store multiple firearms in one place.

Additional firearm safety resources are available at **ProjectChildSafe.org.**



**RESOURCES**

➕ **Visit**
Your Primary Care Provider
Mental Health Professional
Walk-in Clinic
Emergency Department
Urgent Care Center

🔍 **Find a mental health provider**
findtreatment.samhsa.gov
mentalhealthamerica.net/finding-help

📞 **National Suicide Prevention Lifeline**
1-800-273-TALK (8255)
Veterans: Press 1

📱 **Text TALK to 741741**
Text with a trained crisis counselor
from the Crisis Text Line for free, 24/7

↗ **CrisisChat.org**

**911** **Call 911 for emergencies**





**American Foundation** *for* **Suicide Prevention**



**DO YOU HAVE UNRESOLVED CONFLICTS?**

**ARE YOU LOOKING FOR PEACEFUL SOLUTIONS?**

**WANT TO KNOW WHAT MEDIATION CAN DO FOR YOU?**

**Conflict Resolution is a process to help you find the best way to resolve conflicts and disagreements peacefully.**

## RESOURCES

**Anne Arundel County Conflict Resolution Center**
410-266-9033 - programs@aacrc.info - www.aacrc.info

**Anne Arundel County Warmline**
410-768-5522

**Anne Arundel County Police**
911

**Veteran's Crisis Line**
1-800-273-8255, Press 1,
or text to 838255

**Suicide Prevention Toolkit**
aahealth.civilspace.io/en/projects/
suicide-prevention-toolkit

 

The services and facilities of the Anne Arundel County Department of Health are available to all without regard to race, color, religion, political affiliation or opinion, national origin, age, gender identity, sexual orientation or disability.     3/2022

EXHIBIT C