IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

**MARYLAND SHALL ISSUE, INC.,** *et al.,*
9613 Harford Rd., Ste C #1015
Baltimore, MD 21234
 *Plaintiffs,*

*v.*                                                                 Case No. C-02-CV-22-000217

**ANNE ARUNDEL COUNTY,**
 **MARYLAND**
44 Calvert Street
Annapolis, MD 21401
 *Defendant.*

## OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

For some matters, time is of the essence and a motion for a temporary restraining order ("TRO") to put a stop to a continuing violation of First Amendment rights is precisely such a matter. As set forth in plaintiffs' motion for summary judgment, and alternative motion for a preliminary injunction and a TRO, Bill 108-21, as enacted by defendant Anne Arundel County ("the County"), has unconstitutionally compelled the speech of plaintiffs since it went into effect on April 10, 2022. That violation continues every day that it remains in effect. P.Mem. at 15. As one federal court of appeals has noted, "an ongoing violation of the First Amendment constitutes an irreparable injury." *FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017).

Thus, while plaintiffs have no objection to reasonable extensions of time for other matters, including an extension for the County to respond to the Complaint, continuing violations of plaintiffs' First Amendment rights simply cannot be tolerated. Indeed, when

1

the complaint was served on April 12, 2022, undersigned counsel specifically inquired of counsel for the County as to whether the County would consent to suspending enforcement of Bill 108-21 while the case was being litigated. See attached email correspondence. To this day, plaintiffs have not received a response to that inquiry and none is provided in the County's motion. Faced with that non-response, plaintiffs had little choice but to seek immediate relief from this Court.

The County claims that the issues presented by this case are "complex" and that the "complexity of the claims" warrant an extension. Def. Motion at 1 & 3. Not so. The entire memorandum of law in support of plaintiffs' motion for summary judgment and alternative motion for a preliminary injunction and a TRO is a mere 16 pages. The facts are simple and cannot be reasonably disputed. See P.Mem. at 5. Controlling and recent Supreme Court precedent make quite clear that Bill 108-21 is content-based, view-point-focused and unconstitutional on its face. *National Institute of Family and Life Advocates v. Becerra*, 138 S.Ct. 2361, 2371 (2018). See P.Mem. at 7-10.

The Fourth Circuit's recent decision in *Greater Baltimore Center for Pregnancy Concerns, Inc. v. Mayor and City Council Of Baltimore*, 879 F.3d 101 (4th Cir.), *cert. denied,* 138 S.Ct. 2710 (2018), is virtually on point. There, the court struck down on compelled speech grounds a City of Baltimore ordinance that required limited-service pregnancy centers to post disclaimers that they did not provide or make referrals for abortions or certain birth-control services. Here, Bill 108-21 is even more extreme, as it not only requires the plaintiff dealers to "display" the County's message at their places of business, it also requires dealers to "distribute" the County's message with each sale of

firearms or ammunition. Such sales are, themselves, constitutionally protected activities. See P.Mem. at 12-13. Here, as in *Greater Baltimore*, the County is free to distribute and otherwise publish its message through other means. See *Greater Baltimore,* 879 F.3d at 112. What the County may not do is dragoon plaintiffs into serving as its unwilling agents for the display and distribution of the County's speech. A TRO is required to protect the First Amendment rights of plaintiffs.

## CONCLUSION

The County's motion for an extension of time to respond to plaintiffs' motion for a TRO should be denied and a TRO should be entered without delay.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd, Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
MD Atty No. 1905150005
District Court Bar No. 21033

EDWARD N. HERSHON
HERSHON LEGAL, LLC
420-I Chinquapin Round Rd.
Annapolis, MD 21401
ed@hershonlegal.com
Phone: (443) 951-3093
MD Atty No. 9306230157
District Court Bar No. 22606

Dated: April 27, 2022               *Counsel for Plaintiffs*

Re: Fwd: Activity in Case 1:22-cv-00865-SAG Maryland Shall Issue, Inc. et al v. Anne Arundel County, Maryland Summons Issued

Case 1:22-cv-00865-SAG   Document 13   Filed 04/27/22   Page 4 of 6

**Subject:** Re: Fwd: Activity in Case 1:22-cv-00865-SAG Maryland Shall Issue, Inc. et al v. Anne Arundel County, Maryland Summons Issued
**From:** "Mark W. Pennak" <m.pennak@me.com>
**Date:** 4/12/2022, 1:46 PM
**To:** "htyler@aacounty.org lwmcka21"@aacounty.org
**BCC:** Edward Hershon <ed@HershonLegal.com>

Mr. Tyler: Per our phone conversation just now in which the County agreed to accept service in this matter by email, please find attached the complaint filed in the case yesterday and the summons entered by the clerk today. Also attached is the civil cover sheet filed today. Thank you for agreeing to accept service in this manner.

After you have had a chance to look over the papers, I would like to talk with you regarding whether the County would agree to suspend enforcement of Bill 108-21 pending the outcome of this suit in district court. I can represent to you that we will make every effort to move the case along expeditiously. We see the case as presenting pure questions of law. You can reach me on my cell at 301 873 3671 or at this email address. Thanks again. Mark W. Pennak, Counsel for plaintiffs.

cc: Ms McKay.

On 4/12/2022 11:36 AM, Mark W. Pennak wrote:

> Mr. Tyler, Ms McKay: The captioned matter was filed in federal district court yesterday, on 04/11/2021. The County is the named defendant. The plaintiffs are the same parties that challenged Bill 109-21 in Anne Arundel Circuit Court. The suit challenges on First Amendment grounds County Bill 108-21. Please advise whether County will accept service by email. Thanks.
>
> Mark W. Pennak, Counsel for Plaintiffs.
>
> -------- Forwarded Message --------
> **Subject:** Activity in Case 1:22-cv-00865-SAG Maryland Shall Issue, Inc. et al v. Anne Arundel County, Maryland Summons Issued
>    **Date:** Tue, 12 Apr 2022 11:28:02 -0400
>   **From:** MDD_CM-ECF_Filing@mdd.uscourts.gov
>      **To:** MDDdb_ECF@mdd.uscourts.gov

> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free

Re: Fwd: Activity in Case 1:22-cv-00865-SAG Maryland Shall Issue, Inc. et al v. Anne Arundel County, Maryland Summons Issued

Case 1:22-cv-00865-SAG   Document 13   Filed 04/27/22   Page 5 of 6

copy and 30 page limit do not apply.

## U.S. District Court

### District of Maryland

## Notice of Electronic Filing

The following transaction was entered on 04/12/2022 at 11:09:26 AM EDT and filed on 04/12/2022

**Case Name:**  Maryland Shall Issue, Inc. et al v. Anne Arundel County, Maryland
**Case Number:**  1:22-cv-00865-SAG
**Filer:**
**Document Number:** 2

**Docket Text:**
**Summons Issued 21 days as to Anne Arundel County, Maryland.(dass, Deputy Clerk)**

**1:22-cv-00865-SAG Notice has been electronically mailed to:**

Mark William Pennak     m.pennak@me.com

**1:22-cv-00865-SAG Notice will not be electronically delivered to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=4/12/2022] [FileNumber=10685457-0] [a6620f877ec312e589a11ef156907fc5394242346c5c416312d2fd547a61b05610 48516c2914ea4f0f97a4758cfd10d74fd08328b0df853ee371f5c30e854da5]]

*This is a re-generated NEF. Created on 4/12/2022 at 11:28 AM EDT*

Attachments:

| | |
|---|---|
| Civil Cover Sheet as filed.pdf | 196 KB |
| summons signed by Clerk.pdf | 507 KB |
| Complaint as filed.pdf | 7.1 MB |

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**MARYLAND SHALL ISSUE, INC.,** *et al.,*
9613 Harford Rd., Ste C #1015
Baltimore, Maryland 21234-2150,

      *Plaintiffs,*        No.: 1:22-cv-00865-SAG

      v.

**ANNE ARUNDEL COUNTY,
MARYLAND**
44 Calvert Street
Annapolis, MD 21401,

      *Defendant.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 27, 2022, a copy of the foregoing Opposition To Defendant's Motion For An Extension Of Time To Respond To Plaintiffs' Motion For A Temporary Restraining Order was served on the following counsel for defendant Anne Arundel County via ECF service:

Hamilton F. Tyler
Deputy County Attorney
Tamal Banton
Assistant County Attorney,
2660 Riva Road
Annapolis, MD 21401

                                         */s/ Mark W. Pennak*
                                         MARK W. PENNAK
                                         *Counsel for Plaintiffs*