IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:22-cv-00865-SAG |
| ANNE ARUNDEL COUNTY, MD | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND REQUEST FOR THE COURT TO SET SCHEDULING ORDER

Defendant, Anne Arundel County, Maryland (the "County"), by and through undersigned counsel, file this Response to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, requests that the Court set a Scheduling Order, and states as follows:

1.  The County enacted Bill No. 108-21 ("Bill") that requires gun dealers to distribute public safety literature prepared by the County's Health Department to gun and ammunition purchasers and for the gun dealers to make the public safety literature "visible and available at the point of sale" at their gun dealerships. The Bill took effect on April 10, 2022. On April 11, 2022, Plaintiffs filed a complaint challenging the Bill on First Amendment grounds (ECF 1) and on April 20, 2022 moved for a temporary restraining order ("TRO"), preliminary injunction, and, in the alternative, for summary judgment. ECF 6. Pursuant to the County's Request for Extension, the Court set a deadline of May 5, 2022 for the County to respond to the TRO. ECF 15.

2.  The Parties have discussed the Plaintiffs' Motion for a TRO and preliminary injunction and the County has agreed not to enforce the provisions set forth in the Bill against any

{00362278.DOCX; 1}

gun dealer in the County until there is a decision on the merits of the case by the United States District Court for the District of Maryland, including a decision on a Motion for Summary Judgment. Accordingly, the Parties also agree that the Plaintiffs' motion for a TRO and preliminary is now moot. The Parties also agree that the hearing on the Motion for a TRO scheduled for May 10, 2022 is unnecessary, and should be cancelled.

3. The County will file its response to the Complaint on or before May 13, 2022, the previously agreed-to extension date. The County anticipates filing an Answer to the Complaint.

4. The Parties have discussed a briefing schedule for summary judgment, as well as the need for discovery, but are unable to reach an agreement on these issues. The County believes some development of the factual record through discovery is necessary in this case, and intends to file a Motion for Summary Judgment after discovery. Counsel for the County consulted with counsel for Plaintiffs pursuant to Local Rule 105.2 in an attempt to reach an agreement regarding a briefing schedule for the dispositive motions as well as an expedited schedule of deadlines for discovery and experts. The County proposed the schedule set forth below. Plaintiffs refused to consent to such a schedule and indicated that no discovery was necessary and that its Motion for Summary Judgment should be decided quickly.[1]

5. While Plaintiffs claim that no discovery is necessary, the County disagrees. The instant challenge to the Bill is a case of first impression in this country. The County has been unable to locate any other similar case, although there are other similar statues and ordinances.

---

[1] Plaintiffs' filing that included the Motion for Summary Judgment was entitled, "Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, or, ***in the Alternative***, for Summary Judgment." ECF 6 (emphasis supplied). Since the Preliminary Injunction and Temporary Restraining Order are no longer necessary, by its terms the filing of the "alternative" Motion for Summary Judgment is no longer necessary and should be deemed withdrawn. Alternatively, the Court may deny the Motion for Summary Judgment without prejudice as moot. However, counsel for Plaintiffs indicated that Plaintiffs intend to move forward with the Motion for Summary Judgment, notwithstanding the fact that it was requested only as alternative relief.

The Bill is very important to the County.  The number of suicides by gun in the County is alarming and the Bill is an attempt to reduce or hopefully eliminate suicides by gun.  While the Parties likely dispute the appropriate level of scrutiny to be applied to the Bill, in all cases the analysis will involve a review of the government interests at stake as well as the Bill's tailoring to serve those interests.  *See Zauderer v. Off. of Disciplinary Couns.*, 471 U.S. 626, 651 (1985).  This also includes an examination of the factual bases for the contested disclosure, as well as the Plaintiffs' bases for objecting to it.  *See id.*  These are each important factual questions that should not be decided in a vacuum.

6. The Plaintiffs make a number of unsupported allegations in their Complaint and have attached several identical affidavits to their Motion for Summary Judgment that contain no detail, instead purporting to adopt the factual allegations in the Complaint.  ECF 6-1, 6-2, 6-3, 6-4, 6-5.  Plaintiffs would have the County accept their bare bones affidavits incorporating all of the factual allegations of the Complaint without challenge.  The County declines to do so and should be permitted discovery to investigate the veracity of the matters alleged in the Complaint and purportedly adopted in the affidavits.

7. Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When a motion for summary judgment is filed prior to the completion of discovery and the nonmoving party is not able to adequately oppose the motion due to the failure to have discovery, Rule 56(d) allows the court to defer considering the motion or deny it, allow time to

take discovery, or issue any other appropriate relief. *See Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 600 (D. Md. 2011).

8. The County attaches its Rule 56(d) Declaration of Counsel detailing why it requires discovery prior to the Court's consideration of the parties' Motions for Summary Judgment. The County is unclear why Plaintiffs desire to rush to judgment in this case. The County has agreed not to enforce the provisions of the Bill, so there is no immediacy necessary any longer. A full and complete examination of these important issues is warranted by this Court.

9. The County believes that an expedited schedule would permit the parties to develop the record necessary for this Court to consider dispositive motions. The County proposes the following schedule:

A. Plaintiffs shall identify any experts by July 1, 2022.

B. The County shall identify any experts by August 1, 2022.

C. The parties shall complete all discovery by August 31, 2022.

D. Plaintiffs' shall re-file their Motion for Summary Judgment by September 1, 2022, if desired. In the event Plaintiffs do not re-file a Motion for Summary Judgment, their April 20, 2022 Motion for Summary Judgment in the Alternative will be considered their Motion for Summary Judgment.

E. The County shall file its Opposition to Plaintiffs' Motion for Summary Judgment and its Cross-Motion for Summary Judgment by September 16, 2022.

F. Plaintiffs shall file their Opposition to the County's Motion for Summary Judgment and Reply, if any, to the County's Opposition to Plaintiffs' Motion for Summary Judgment by September 26, 2022.

G. The County shall file its Reply, if any, to Plaintiffs' Opposition to the County's Motion for Summary Judgment by October 6, 2022.

The issue of suicide by gun is of paramount importance to the County and the citizens of the County who are impacted. The Bill is a measure that elected officials have taken to reduce or eliminate suicides by gun. The Court should be afforded a full record to carefully consider the important and complicated legal issues necessary to issue a fair decision to the parties.

**WHEREFORE,** Defendant Anne Arundel County, Maryland respectfully requests that the Court enter a Scheduling Order upon the terms set forth above, and such other and further relief as justice and its cause may require.

Respectfully submitted,

GREGORY J. SWAIN
County Attorney

/S/ *Hamilton F. Tyler*
Hamilton F. Tyler, Bar No. 9423
Deputy County Attorney

/S/ *Tamal A. Banton*
Tamal A. Banton, Bar No. 27206
Senior Assistant County Attorney
ANNE ARUNDEL COUNTY OFFICE OF LAW
2660 Riva Road, 4th Floor
Annapolis, Maryland 21401
(410) 222-7888 telephone
(410) 222-7835 facsimile
htyler@aacounty.org
tbanton@aacounty.org
*Attorneys for Defendant*
   *Anne Arundel County, Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2022, the foregoing filing was electronically filed in the United States District Court for the District of Maryland.

/S/ *Tamal A. Banton*

Tamal A. Banton