## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

**MARYLAND SHALL ISSUE, INC., *et al.*,**
**9613 Harford Rd., Ste C #1015**
**Baltimore, Maryland 21234-2150,**

<table>
<tr><td><em>Plaintiffs,</em></td><td>No.:   1:22-cv-00865-SAG</td></tr>
<tr><td>v.</td><td></td></tr>
</table>

**ANNE ARUNDEL COUNTY,**
**MARYLAND**
**44 Calvert Street**
**Annapolis, MD 21401,**

     *Defendant.*

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION
## FOR SUMMARY JUDGMENT AND IN OPPOSITON TO DEFENDANT'S
## MOTION FOR DISCOVERY

Plaintiffs respectfully submit this Reply in opposition to the "Response" filed by

defendant, Anne Arundel County, Maryland ("the County") (ECF 16), to plaintiffs' motion

for a temporary restraining order. That Response by the County attached a Rule 56(d)

affidavit, which asserts that "discovery is needed to address alleged facts that are essential

to the County's opposition" to the motion for summary judgment filed by plaintiffs.

Counsel Decl. at ¶ 3. The Response then sets out a proposed discovery schedule for the

identification of experts, the completion of discovery and requires that plaintiffs refile their

motion for summary judgment by September 1, 2022, "if desired." Response at 4. For the

reasons set forth below, the County's attempt to put off plaintiffs' motion for summary

judgment should be denied and that motion should be addressed and decided without delay.

1

In its Response, the County represents to the Court that "the County has agreed not to enforce the provisions set forth in the Bill [108-21] against any gun dealer in the County until there is a decision on the merits of the case by the United States District Court for the District of Maryland, including a decision on a Motion for Summary Judgment."  Response ¶ 2. Plaintiffs agree that this concession by the County obviates the need for the hearing on the motion for a temporary restraining order and a preliminary injunction. The concession, however, does not moot plaintiffs' alternative motion for summary judgment on the merits.[1] Defendant's response to the motion for summary judgment consists solely of the Rule 56(d) declaration of County counsel. That declaration is wholly inadequate to support the extended delay sought by the County. The Court should thus reject the Rule 56(d) declaration and decide the motion for summary judgment.

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." On its face, the Rule requires that County must show that "cannot present facts essential to its opposition."

---

[1] The County makes the curious argument that since the motion for summary judgment was in the "alternative" to plaintiffs' motion for a TRO and a preliminary injunction, the motion for summary judgment must be deemed to be withdrawn because the County's concession has effectively mooted the need for preliminary relief. Response at 2 n.1. "Alternative" simply does not mean that. The motion requested alternative relief, which is defined in Black's Law Dictionary as "[j]udicial relief that is mutually exclusive with another form of judicial relief." Black's Law Dictionary (11th Ed.). Summary judgment is a decision on the merits and is quite different and independent of the relief posed by a request for a TRO and/or a preliminary injunction.

Thus, a Rule 56(d) declaration is not sufficient to justify delay or a non-response to a motion for summary judgment where "the administrative record and other evidence appended to the parties' briefs provide a sufficient factual foundation" for summary judgment and "additional discovery would not change the factual landscape in the case." *AJS Petroleum v. United States*, 2012 WL 683538 at *4 (D. Md. 2012). A Rule 56(d) declaration may thus be disregarded where the requested discovery would "needlessly delay" resolution of the motion. *McDougald v. Esham*, 2108 WL 1010214 at *3 (S.D. Ohio 2018)."

To defeat a motion for summary judgment, the defendant must do more than create "some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." (Id. at 248). In this inquiry, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." (Id.). Stated differently, "[a] fact is material if it 'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013), quoting *Anderson*, 477 U.S. at 248. "A dispute is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'" *Knibbs v. Momphard*, 30 F4th 200, 213 (4th Cir. 2022) (quoting *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson*, 477 U.S. at 248)). See also *First National Bank of Arizona v. Cities Service Co., Inc.,* 391 U.S. 253, 289 (1968). Here, the discovery

sought by defendant could not reasonably lead to "genuine dispute" over any "material fact."

Defendant's Rule 56(d) declaration purports to identify the discovery the County needs, but never attempts any showing that the evidence it seeks is remotely relevant under the "substantive law" and is thus "material." For example, the County wants discovery as to whether MSI's members who do business with dealers are injured because their Second to purchase firearms and ammunition is burdened with the forced display and distribution of the County's literature. Decl. at 1. Similarly, the County wants discovery into whether MSI members were chilled in the exercise of their own First Amendment rights. (Id. at 1-2).

But, these are legal inquiries are relevant only as to whether MSI members standing. The same point applies to the County's request for discovery into whether the customers of the dealers "will objectively be less willing to articulate their own views." (Id. at 2). The County apparently does not contest that MSI has members who have shopped or desire to shop at the business establishments of the plaintiff dealers. Complaint ¶ 9. That allegation is verified by the Chairman of the Board of MSI. See Declaration of Daniel Carlin-Weber. The County does not and cannot contest that the dealers are directly and incontestably regulated by Bill 108-21, and thus have standing. Complaint ¶ 14. As explained in plaintiffs' motion (but ignored by the County here), all it takes is one plaintiff to have standing. See P.Mem.at 10.

4

Summary judgment may be entered for the benefit of the dealers and that order will dispose of the case without regard to whether MSI or its members would also have standing. This Court is fully familiar with that principle and applied it in *Hulbert v. Pope*, 535 F.Supp.3d 431, 457 (D. Md. 2021) (declining to reach standing of MSI and its members in considering a motion for summary judgment on grounds that the other plaintiffs had standing). This Court cited *Watt v. Energy Action Educ. Found.*, 454 U.S. 151, 160 (1981), noting that the Supreme Court had declined "to determine the standing of additional plaintiffs at summary judgment where it was clear that other plaintiffs had standing to pursue each claim." (Id.). So too here. Under this substantive law, the County's discovery into the injuries suffered by MSI members would be pointless and a waste of time and resources.

Similarly, the County wants discovery into whether Bill 108-21 has any purpose "other than to commandeer dealers."  Decl. at 1. The County hardly needs discovery on that point as it can dispute that allegation with its own declarations. In any event, the subjective purpose of the County is irrelevant under the "substantive law," as the inquiry into the effect of Bill 108-21 is objectively determined. The County cannot dispute that Bill 108-21 requires the plaintiff dealers to display and distribute the County's literature. That requirement is found in the text of Bill 108-21. Similarly, the County wants discovery into whether "[t]his chilling effect is serious injury." Decl. at 2. That is a legal question and the substantive case law cited by plaintiffs in their motion (but ignored by the County) is quite conclusive on that point. P.Mem. at 10-11.

5

Finally, the County wants discovery into the Complaint's verified allegation that Cindy Hot Shots has complied with 108-21 "only to avoid the fines that may be inflicted under Bill 108-21 for non-compliance." Decl. at 2. **Really?** Why else would a dealer who objects to Bill 108-21 comply? Would any reasonable trier of fact actually doubt this reality? See *Knibbs*, 30 F4th at 213. The verified Complaint states that Cindy Hot Shots "objects" to Bill 108-21 because "the Bill commandeers it to act as a mouthpiece and conduit for County communications mandated by Bill 108-21" and because it "requires plaintiff CINDY'S HOT SHOTS to involuntarily display and distribute County literature with which plaintiff disagrees." Complaint ¶ 11. The verified Complaint further alleges that Cindy Hot Shots "does not wish to be a party to these communications or to be seen by its customers and potential customers as endorsing implicitly or otherwise the County's messages set out in the literature which Bill 108-21 requires it to display and distribute." (Id.). Each of the other plaintiff dealers makes the same allegations. Complaint ¶¶ 10, 12, 13.

Under the "substantive law," these verified allegations are sufficient to support summary judgment on plaintiffs' First Amendment claims. See P.Mem. at 7-8. The County does not dispute that Bill 108-21 compels the speech of the dealers. It does not dispute that content-based, compelled speech is "presumptively unconstitutional." *National Institute of Family and Life Advocates v. Becerra,* 138 S.Ct. 2361, 2371 (2018) ("As a general matter, such laws are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests.") (internal quotes

and citation omitted). The burden is **on the County** (*id*. at 2377) to justify its law by showing that the law "is narrowly tailored to served compelling state interests." Id. at 2371. The matters identified by the County's Rule 56(d) declaration are not material to the **County's** burden.

It is doubtful that the County has some "compelling interest" in "gun safety, gun training, suicide prevention, mental health, and conflict resolution," all matters on which the County compels the speech of plaintiffs under Bill 108-21. Yet, regardless of such "interests" the compelled speech mandated by the Count's ordinance is not "narrowly tailored" as a matter of law. See *Greater Baltimore Center for Pregnancy Concerns, Inc. v. Mayor and City Council Of Baltimore*, 879 F.3d 101, 111-12 (4th Cir.), *cert. denied*, 138 S.Ct. 2710 (2018). The County has a multitude of other options for communicating its message to the public without compelling the speech of plaintiffs. (Id.). The County loses on that ground alone. Full stop.

In sum, the discovery sought by the County cannot be justified under the "substantive law." The discovery cannot reasonably lead to any "genuine" or "material" disputed issues of fact as nothing in the proposed discovery could possibly lead to a judgment in its favor, if believed by a trier of fact. The discovery sought is thus not "essential to justify its opposition" under Rule 56(d). For these reasons alone, the Rule 56(d) request should be denied.

Finally, the County states that it is "unclear" as to "why Plaintiffs desire to rush to judgment in this case." Response at 4. After all, the County states, it has agreed not to

enforce Bill 108-21 while the case is pending, so what's the rush? (Id.). That self-serving plea should be rejected. The County's history of responses in this case suggest that the County's real objective is simply delay so as keep Bill 108-21 on the books and hanging over plaintiffs' heads for as long as possible.

First, the County sought and obtained delay in responding to the motion for a TRO, and only deigned to file a response when forced by two orders of this Court and the opposition of plaintiffs. Yet, all that delay was pointless and litigation effort wasted as the County now concedes the TRO by agreeing to withhold enforcement. The County could have done precisely that when first asked by the undersigned counsel when the Complaint was served three weeks earlier, on April 11, 2022. See Opposition to Defendant's Motion For An Extension of Time. Now, the County seeks further delay so that it can conduct expensive and transparently useless discovery without even attempting to make a showing as to how such discovery would be remotely relevant or material under the substantive law. Pleadings filed for the purpose of "unnecessary delay" are never appropriate. Rule 11(b)(1), FRCP. See also 28 U.S.C. § 1927.

Under this Court's Local Rules, the County's response was due within 14 days of the April 20, 2022, date of filing of the motion for summary judgment. See Local Rule 105 2 a). Since the motion was served by mail (as the County delayed in entering an appearance of counsel), three days is added to that time schedule under Rule 6(d), FRCP. The County's response to the motion for summary judgment is thus due on Monday, May 9, 2022. The County has never requested an extension of time to respond to the motion for summary

judgment. Rather, it now wants literally months of time to respond so that it can identify "experts" and "complete discovery." See Response at 4. Yet, it never attempts to justify the need for expert testimony and no such need is apparent. The County's delaying tactics should not be rewarded with still more delay.

## CONCLUSION

The County's Rule 56(d) declaration should be dismissed and the Court should order the County to file a response to plaintiffs' motion for summary judgment by May 9, 2022. Alternatively, the Court should find that the County has waived its response and enter summary judgment in favor of plaintiffs.

Respectfully submitted,
/s/ Mark W. Pennak

MARK W. PENNAK
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671

MD Atty No. 1905150005
District Court Bar No. 21033

EDWARD N. HERSHON
HERSHON LEGAL, LLC
420-I Chinquapin Round Rd.
Annapolis, MD 21401
ed@hershonlegal.com
Phone: (443) 951-3093

MD Atty No. 9306230157
District Court Bar No. 22606

Dated: May 5, 2022                          *Counsel for Plaintiffs*

10