**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:22-cv-00865-SAG |
| ANNE ARUNDEL COUNTY, MD | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO COMPLAINT**

NOW COMES Defendant, Anne Arundel County, Maryland (the "County"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12, responds to the Complaint and says:

I. RULE 12(b) DEFENSES:

1. This Court lacks jurisdiction over some or all of the claims asserted.

2. The Complaint fails to state a claim upon which relief can be granted

II. RESPONSES TO SPECIFIC FACTUAL AVERMENTS:

Responding to the paragraphs in the Complaint with like numbered paragraphs, the County states as follows:

1. Admitted that County Bill No. 108-21 was enacted on January 10, 2022, and became effective on April 10, 2022; that the County's bill directs the County Board of Health to prepare literature relating to gun safety, gun training, suicide prevention, mental health, and conflict resolution for distribution to establishments that sell guns or ammunition; that the Board of Health has distributed two such pieces of literature to such establishments, including a pamphlet

entitled "Firearms and Suicide Prevention" published jointly by the National Shooting Sports Foundation ("NSSF") and the American Foundation for Suicide Prevention; that Exhibit B is a true and accurate copy of the literature distributed by County. Any allegations of this paragraph not specifically admitted are denied.

2. Admitted that the County Board of Health has distributed a piece of literature to establishments that sell guns or ammunition concerning conflict resolution pursuant to Bill No. 108-21, and that Bill No. 108-21 requires, among other things, that such literature be made "visible and available" by establishments that sell guns or ammunition.  Denied that Bill No. 108-21 violates the First Amendment rights of Plaintiffs or any other person.  The County lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to each Plaintiff being a licensed firearms dealer, and therefore, denies the same and demands strict proof thereof. Any allegations of this paragraph not specifically admitted are denied.

3-4. The County admits the allegations in paragraphs 3 through 4.

5. Denied that Plaintiffs are entitled to declaratory relief, equitable relief, damages, or any other form of relief.  The remaining allegations in paragraph 5 constitute legal conclusions for which no response is required, but to the extent such a response is required the County denies them.

6-7. The County admits the allegations in paragraph 6 through 7.

8-14. The County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained these paragraphs, and therefore, denies the same and demands strict proof thereof.

15. Admitted that Anne Arundel County, Maryland, is a public county located in the State of Maryland, and that Bill No. 108-21 is an ordinance enacted by the County. The remaining allegations in paragraph 15 constitute legal conclusions for which no response is required, but to the extent such a response is required the County denies them.

16. This paragraph does not require a response as no allegations are asserted therein.

17-18. Paragraphs 17-18 state legal conclusions for which no response is required, but to the extent such a response is required the County denies them.

19. Admitted that Bill No. 108-21 requires, among other things, that establishments that sell firearms or ammunition make visible and available and distribute certain literature prepared by the County Board of Health, with one pamphlet co-published by the NSSF. The remaining allegations constitute legal conclusions for which no response is required, but to the extent such a response is required the County denies them.

20-22. Denied.

23. The County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained this paragraph concerning the behavior of MSI members or other customers of Plaintiffs, and therefore, denies the same. The remainder of paragraph 23 states a legal conclusion for which no response is required, but to the extent such a response is required the County denies the allegations.

24. Admitted that Bill 108-21 went into effect on April 10, 2022, but denied as to the remainder of the allegations in paragraph 24.

25-26. Denied.

### III. AFFIRMATIVE DEFENSES:

1. The County's allegedly wrongful acts were justified and privileged.

2. The County is immune from liability.

3. The County acted reasonably and with good faith belief that its actions were lawful and proper.

4. Plaintiffs have failed to exhaust their administrative remedies.

5. The injuries or damages complained of resulted from acts or omissions of others for which the County cannot be held legally responsible.

6. Any damages that may be recovered are limited by law.

7. The County's actions were performed in good faith reliance on standard operating procedures for the enactment of county ordinances.

8. Each and every act and action of the individual employees of the County taken with respect to Plaintiffs was done and performed in good faith, in the official discharge of duty as an employee of Anne Arundel County and with a reasonable belief as to the constitutionality and legality of their actions for which they enjoy immunity from liability under state and federal law, including qualified immunity.

9. The County had legitimate, non-discriminatory, government purposes and public safety reasons for enactment and proposed enforcement of Bill No. 108-21.

WHEREFORE, Defendant Anne Arundel County, Maryland respectfully requests that this Court enter judgment in its favor and deny the claims of Plaintiffs, and such other and further relief as justice and its cause may require.

## DEMAND FOR TRIAL BY JURY

The County respectfully requests a trial by jury in this case.

Respectfully submitted,

GREGORY J. SWAIN
County Attorney

*Hamilton F. Tyler*
Hamilton F. Tyler, Bar No. 9423
Deputy County Attorney

*Tamal A. Banton*
Tamal A. Banton, Bar No. 27206
Senior Assistant County Attorney
ANNE ARUNDEL COUNTY OFFICE OF LAW
2660 Riva Road, 4th Floor
Annapolis, Maryland 21401
(410) 222-7888 telephone
(410) 222-7835 facsimile
htyler@aacounty.org
tbanton@aacounty.org
*Attorneys for Defendant*
  *Anne Arundel County, Maryland*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of May, 2022, the foregoing filing was electronically filed in the United States District Court for the District of Maryland.

*Tamal A. Banton*

Tamal A. Banton